UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

DEBRA L. LARSEN,

                Plaintiff,

v.

MICHAEL J. ASTRUE, Commissioner of
Social Security Administration,

                Defendant.

CASE NO. C09-5618BHS

REPORT AND RECOMMENDATION

Noted for September 3, 2010

This matter has been referred to Magistrate Judge J. Richard Creatura pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Magistrates Rule MJR 4(a)(4) and as authorized by Mathews v. Weber, 423 U.S. 261 (1976). This matter has been fully briefed. After carefully reviewing the record, the undersigned recommends that the Court reverse and remand the matter for an award of benefits.

## FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff, Debra Larsen, was born in 1963. She completed high school. She has past work experience as a cashier, lumber stamper, janitor, bank teller and waitress. Tr. 65. Reported earnings indicate she last worked in 1993, when she injured her back in February of that year

REPORT AND RECOMMENDATION - 1

while working.  Tr. 48.  Treatment records establish that this injury developed into fibromyalgia syndrome.  Tr. 160-64.

Plaintiff filed applications for social security disability benefits on January 29, 2004, alleging disability due to a combination of physical and mental impairments and an inability to work since February 3, 1993.  Tr. 570.  She later amended her disability onset date to January 29, 2004.  Tr. 570.

This is this second time this matter has been before the court for judicial review of the administrative decision.  The first review (Larsen v. Astrue, C07-05557-RBL) resulted in a remand for further review due to several errors, including:  (a) improper review of the medical opinion evidence, particularly the opinions of Dr. Hoskins, Dr. Sager, Dr. Reuther, and Dr. Satter; (b) improper review of the lay witness testimony; and (c) improper reliance on the medical vocational guidelines.  *See* Report and Recommendation issued by Magistrate Judge Arnold in C07-557RBL.  On May 20, 2008, United States District Judge Ronald B. Leighton adopted the recommendation and remanded the matter to the Commissioner for further administrative proceedings and ordered the case be assigned to a different ALJ.

On remand, on May 4, 2009, a second administrative hearing was held.  Tr. 1076-105.  And, a second decision was rendered by an ALJ, finding plaintiff not disabled.  Tr. 570-83.  The ALJ found plaintiff had severe impairments, but retained the residual functional capacity to perform jobs that exist in significant numbers in the national economy.  Tr. 570-83.  Plaintiff did not file exceptions to the ALJ's decision after remand, and the Appeals Council did not assume jurisdiction.  Thus, the ALJ's decision after remand is the Commissioner's final decision that is subject to judicial review.  20 C.F.R. §§ 416.1481, 422.210 (2009).

REPORT AND RECOMMENDATION - 2

The matter is now back before the court, and the Administration concedes the ALJ erred when he reviewed the matter on remand.  Specifically, defendant explains that the ALJ failed to properly review Dr. Sager's opinion, (Def. Brief, Dkt. 26, at p. 5) failed to provide a legitimate basis for rejecting several psychological evaluations (id. at p. 9), failed to properly address other source evidence (id. at 10), failed to properly consider Dr. Ruether's opinion (id. at 12), and failed to properly consider lay witness evidence (id. at 14).  Defendant argues the matter should be remanded a second time to allow the administration the opportunity to cure the ALJ's most recent errors. Id. at 15.

After reviewing the record, this court finds that a remand for further proceedings, after the administration has twice failed to properly consider the medical opinion evidence and the other significant evidence (including lay witness testimony and other source evidence) is inappropriate, and the administration's decision should therefore be reversed and remanded for award of appropriate benefits.

## DISCUSSION

The decision whether to remand a case for additional evidence or simply to award benefits is within the discretion of the court.  Swenson v. Sullivan, 876 F.2d 683, 689 (9th Cir.1989) (*citing* Varney v. Secretary of HHS, 859 F.2d 1396, 1399 (9th Cir., 1988).  In Varney, the Ninth Circuit held that in cases where the record is fully developed, a remand for further proceedings is unnecessary.  Varney, 859 F.2d at 1401. *See also* Reddick v. Chater, 157 F.3d 715, 728-30 (9th Cir. 1998)(case not remanded for further proceedings because it was clear from the record claimant was entitled to benefits); Swenson, 876 F.2d at 689 (directing an award of benefits where no useful purpose would be served by further proceedings); Rodriguez v. Bowen, 876 F.2d 759, 763 (9th Cir.1989) (same); Winans v. Bowen, 853 F.2d 643, 647 (9th Cir.1987)

REPORT AND RECOMMENDATION - 3

(accepting uncontradicted testimony as true and awarding benefits where the ALJ failed to provide clear and convincing reasons for discounting the opinion of claimant's treating physician).

The usefulness or the utility of remanding this issue for further proceedings centers on the opinion of Dr. Sager, plaintiff's treating physician, and the administrative record regarding plaintiff's mental ailments and related limitations.  Defendant argues the matter should be remanded because, even if fully credited, it is not clear that the administration would necessarily find plaintiff disabled.  Plaintiff, on the other hand, stresses that Dr. Sager's opinion is complete and uncontradicted.  Plaintiff also asserts that when Dr. Sager's opinion is compared to the DSHS psychological evaluations and Dr. Reuther's opinion it is clear that all of these medical evaluations point to a conclusion that plaintiff is unable to work.  Plaintiff states:

> If the improperly rejected evidence is credited, then it is clear that Plaintiff is disabled. The ALJ failed to include marked and moderate mental limitations identified by numerous treating and examining medical sources, Plaintiff, and the lay witnesses, in his residual functional capacity findings and hypothetical question to the VE (Tr. 410-15, 487-94, 496-504, 509-18, 719, 963-63, 971-79, 1073-75) and limitations on Plaintiff's ability to sit, stand, and walk without changing positions, reach, handle, and work without unscheduled rest breaks, restroom breaks, and absences. These omitted limitations rendered Plaintiff significantly more impaired than the ALJ found, and prevented her from working on a regular and sustained basis, as is required for a finding of non-disability. See SSR 96-8p. When only some of Plaintiff's actual limitations were presented to the VE, he testified that they would preclude competitive work, e.g., missing 4 to 8 hours in a 40-hour week on a sporadic basis or the moderate limitations in Dr. Kemp's opinion at Tr. 509-18 (Tr. 1102-04).

Plaintiff's Reply Brief (Doc. 27) at 6.

Review of the vocational expert's testimony corroborates plaintiff's argument.  The vocational expert testified that plaintiff would not be able to work if the limitations assigned by Dr. Sager, Dr. Ruether, and the DSHS psychological evaluators were included in plaintiff's residual functional capacity.  Tr. 1099-104.  Because the administration has already reviewed the

REPORT AND RECOMMENDATION - 4

medical evidence twice and made the same mistakes in considering the evidence, the undersigned finds no reason not to credit those medical opinions and remand the matter for an immediate award of benefits.

## CONCLUSION

Here the record is well developed and the evidence supports a finding of disability.  The administration has once before been asked to review this matter.   The court should not ask Ms. Larsen to wait any longer for benefits.  Based on the foregoing, the Court should find that a remand for further proceedings is unnecessary.   The administrative decision should be reversed and the matter should be remanded for an award of appropriate benefits.

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this Report to file written objections.  *See also* Fed. R. Civ. P. 6.  Failure to file objections will result in a waiver of those objections for purposes of appeal.  Thomas v. Arn, 474 U.S. 140 (1985).  Accommodating the time limit imposed by Rule 72(b), the clerk is directed to set the matter for consideration on **September 3, 2010**, as noted in the caption.

DATED at this 11th day of August, 2010.

J. Richard Creatura
United States Magistrate Judge